# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| RONALD PAUL KNOWLES, | ) |
| Plaintiff, | ) ) |
| v. | ) NO. 1:19-cv-00069 |
| ROBYN DELL KNOWLES, et al., | ) JUDGE CAMPBELL |
| Defendants. | ) ) |

## ORDER

Pending before the Court is Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. No. 2). Through the Motion, Plaintiff requests that the Court enjoin Defendants "[f]rom engaging in, and or, perpetuating further 'Corrupt Racketeering Activities,' including: (1) extortion under color of law, (2) witness tampering, (3) obstruction of justice, (4) extortion through fraudulent orders, (5) subordinating perjury, (6) conspiring with trial court judges to deny due process and engage in 'Corrupt Racketeering Activities,' (7) conspiring with appellate court judges to deny due process and engage in 'Corrupt Racketeering Activities,' and underlying abuses of process leading to 'Racketeering Activities' including: (1) ignoring discovery requests, (2) making false statements during proceedings, and other vexatious litigation tactics." (Doc. No. 2).

In determining whether to issue a temporary restraining order ("TRO") or a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial

harm to others; and (4) the impact of the injunction on the public interest. *See, e.g., Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017).

The plaintiff bears the burden of demonstrating his entitlement to a TRO or a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). "Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." Wright & Miller, Federal Practice and Procedure § 2948.1. A plaintiff's harm will be considered irreparable "if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578.

Based on the filings by Plaintiff, the Court concludes Plaintiff has not demonstrated a strong or substantial likelihood of success at this stage of the proceedings because the material facts relating to Plaintiff's claims have not been established. Therefore, Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 2) is **DENIED**.[1]

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also appears to request a hearing. (*See* Doc. No. 5). The Court views a hearing as unnecessary, and therefore this request is denied.