IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RONALD PAUL KNOWLES )
)
v. ) NO. 1:19-0069
)
ROBYN DELL FINLEY and )
MICHAEL D. COX )

**TO: Honorable William L. Campbell, Jr., District Judge**

# REPORT AND RECOMMENDATION

By Order entered August 26, 2019 (Docket Entry No. 12), the Court referred this *pro se* civil action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure.

Pending before the Court is Plaintiff's Second Emergency Motion for a Temporary Restraining Order and Hearing (Docket Entry No. 9). For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be denied.

## I. BACKGROUND

Ronald Paul Knowles ("Plaintiff") is a resident of Waynesboro, Tennessee. On April 23, 2019, he filed this *pro se* lawsuit. *See* Complaint (Docket Entry No. 1). The lawsuit arises out of his displeasure with the outcome of a state court divorce proceeding.

Since sometime in 2018, Plaintiff has been involved in a divorce proceeding with Robyn Dell (Finley) Knowles ("Finley") in the Chancery Court for Maury County, Tennessee ("Chancery Court"). Plaintiff alleges that he was not married to Finley, whom he refers to as his former girlfriend and living partner, and that he testified as such in the Chancery Court but that Finley, in conjunction with her divorce attorney, Michael D. Cox ("Cox"), presented the state court with a

forged or fraudulent marriage certificate.[1]  Plaintiff's theory of not being married to Finley was apparently rejected by the Chancery Court because a Final Decree of Divorce was entered at some point by Judge Stella L. Hargrove ("Judge Hargrove"), and on August 16, 2019, Judge Hargrove issued an order ("the August 16, 2019 Order") amending the divorce decree[2] by: (1) finding that Plaintiff and Finley owned real property located at 665 Deer Ridge Road, Waynesboro, Tennessee ("the Property"); (2) appointing a special master to conduct the sale within thirty days of entry of the order; and, (3) directing that proceeds of the sale should be split equally between Plaintiff and Finley.[3]

It is unclear from the record whether Plaintiff has sought an appeal or other remedy in the state courts from either the final divorce decree or the August 16, 2019 Order.  It is clear, however, that Plaintiff initiated the instant federal lawsuit in an effort to reverse the course of the divorce proceeding and the August 16, 2019 Order.  His original, handwritten complaint names Finley, Cox, and Judge Hargrove as defendants and lists Rule 65, 18 U.S.C. § 1964, 42 U.S.C. § 1983, and "judge and attorney in collusion" as the basis for federal jurisdiction.  *See* Complaint at 2-3.  The entirety of the factual allegations set out in the original complaint is minimal and states:

> I Ronald P Knowles made statement on August 16, 2019, on who owns real property at 665 Deer Ridge Road, Waynesboro, TN in Maury Co Court.  Judge denied my case.  House up for sale that day in Wayne Co. Clerk's Office.  There not giving me 30 days the real property is to be sold Saturday 24 of Aug. 2019.

*Id*. at 4.  Accompanying the original complaint was an emergency motion for a temporary restraining order and preliminary injunction (Docket Entry No. 2) and supporting memorandum (Docket Entry No. 3), in which Plaintiff sought to enjoin Defendants from "engaging in, and or, perpetuating further 'Corrupt Racketeering Activities.'" *Id*. at 1.  The Court promptly addressed and denied this motion, finding that "Plaintiff has not demonstrated a strong or substantial likelihood of success at

---

[1] *See* Amended Verified Complaint (Docket Entry No. 8) at 2-4.

[2] The final divorce decree is not a part of the record.

[3] *See* Docket Entry No. 8-2.

2

this stage of the proceedings because the material facts relating to Plaintiff's claims have not been established." *See* Order entered August 23, 2019 (Docket Entry No. 7) at 2.[4] The Court also denied another filing made by Plaintiff, *see* Docket Entry No. 5, which the Court construed as a motion for a hearing.

Three days later, Plaintiff filed: (1) an Amended Verified Complaint; (2) a Second Emergency Motion for a Temporary Restraining Order and Hearing (Docket Entry No. 9); and, (3) a Supporting Memorandum (Docket Entry No. 10). In his new pleading, Plaintiff removes Judge Hargrove as a defendant but reiterates his allegations that (1) he was never married to Finley and that she and Cox falsified a marriage certificate and (2) he has thus been wrongfully deprived of his property by virtue of the August 16, 2019 Order. Plaintiff sets forth only claims against Finley and Cox under 42 U.S.C. §§ 1983 and 1985(3), alleging that "through fraud upon the court of falsified evidence, [Defendants] have deprived Plaintiff of his right to due process and equal protection of the laws. Through fraud upon the court,[ Defendants] are in de facto conspiracy with the court and are acting as "state actors." *See* Amended Verified Complaint at 5.[5] He seeks unspecific equitable relief, as well as "his costs of relocating and or replacing his property." *Id*. at 5-6. Summons were issued to Finley and Cox on August 26, 2019, *see* Docket Entry No. 11, but there is no indication that they have been served with process.

In his pending motion for a temporary restraining order, Plaintiff asserts that on or about September 3, 2019, the highest bidder for the auctioned Property will be chosen and the Property will be unlawfully transferred "through court order by a court without jurisdiction and based upon fraudulent evidence." *See* Docket Entry No. 9. He seeks a temporary restraining order and

---

[4] The headings of the motion and supporting memorandum refer to two individuals who are not named as defendants and have no apparent connection to this case. Additionally, the motion and the memorandum both refer to filings and exhibits that are not a part of the record in this case. Clearly, Plaintiff has copied, with some changes, filings made in another case that was filed in this Court. *See John Anthony Gentry v. The Tennessee Board of Judicial Conduct, et al.*, 3:17-00020 at Docket Entry Nos. 86 and 87.

[5] Plaintiff's amended complaint supplants the prior complaint in all respects and has become the operative pleading. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

preliminary injunction against Finley, Cox, and the appointed special master that prohibits them from "the continued auction and sale of his home and property." *See* Docket Entry No. 10 at 1 and 7.

**II. SECOND EMERGENCY MOTION
FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff's second emergency motion for a temporary restraining order should be denied. In making this recommendation, the undersigned finds no reason for a hearing prior to a decision on the motion.

First, Plaintiff's motion is technically deficient. To the extent that Plaintiff requests an *ex parte* temporary restraining order, he has failed to comply with the requirements of Rule 65(b)(1) of the Federal Rules of Civil Procedure and Local Rule 65.01(c). The Court may issue a temporary restraining order ("TRO") on an ex parte basis if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(b)(1)(B). *see also First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (explaining that "the only type of injunctive relief that a district court may issue ex parte is a temporary restraining order"). Local Rule 65.01(c) emphasizes that a "motion for a TRO must be made in strict compliance with Rule 65 of the Federal Rules of Civil Procedure" and adds that, when the movant is *pro se*, he "must certify in writing the efforts made to give notice of the request for a TRO and the reasons why notice should not be required." Plaintiff has not shown compliance with the certification and notification requirement, which is a sufficient reason to deny the motion. *See Hancox v. Citimortgage, Citifinancial, Cmty. Mortg.*, 2013 WL 12049113 at *2 (W.D. Tenn. Aug. 15, 2013).[6]

---

[6] To the extent that Plaintiff requests a temporary restraining order, such is likewise premature. Under Rule 65(a)(1), the Court can issue a preliminary injunction only "on notice to the adverse party."

4

Second, Plaintiff has not satisfied the stringent showing required for such relief. Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and are extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" an injunctive order. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In determining whether to grant a preliminary injunction or temporary restraining order, the Court must consider whether Plaintiff has established: (1) a "strong" likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *See also Ohio Republican Party v. Brunner*, 543 F.3d. 357, 361 (6th Cir. 2008) (noting that the same four factors apply in determining whether to grant a temporary restraining order). These factors are to be balanced against one another. *Leary*, *supra*; *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000).

In the instant case, several factors weigh against the issuance of the order requested by Plaintiff. Initially, Plaintiff has not shown a strong likelihood of success on the merits of his claims. To the contrary, a preliminary review of his claims suggests that they have questionable merits because the conduct alleged to have been taken by private parties such as Finley and Cox does not support relief under 42 U.S.C. §§ 1983 and 1985(3). Additionally, Plaintiff's state court divorce proceeding is so intimately intertwined with the instant lawsuit that both the *Rooker–Feldman*[7] doctrine and the "domestic relations exception," *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *Alexander v. Rosen*, 804 F.3d 1203 (6th Cir. 2015), would appear to preclude this Court from hearing

---

[7] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

5

his claims and from entering an order that essentially supplants the amended divorce decree entered by the Chancery Court. "A finding that there is simply no likelihood of success on the merits is usually fatal" to a request for a temporary restraining order. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (*citing Mich. State AFL–CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997)). Additionally, Plaintiff's request for monetary damages in his verified complaint somewhat contradicts his assertion that irreparable injury will occur if the temporary restraining order is not issued.

Finally, Plaintiff has not made a compelling showing that the public interest would be served by the issuance of the requested order. Given that Plaintiff has an avenue of appeal available to him in the state courts from the Chancery Court proceeding, the public interest is better served by requiring him to seek relief in the state courts rather than allowing him an end around the Chancery Court proceeding through a federal temporary restraining order. Indeed, Plaintiff's case is essentially a challenge that seeks to reverse the Chancery Court decision's on his divorce and whether the Property is marital property and seeks to nullify or modify the August 16, 2019 Order. In addition to the possible impact of the *Rooker–Feldman* doctrine and the "domestic relations exception," as noted *supra*, such a challenge faces a substantial hurdle because of the general prohibition on a federal district court intervening to restrain a state court's order. *See Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006).

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that Plaintiff's Second Emergency Motion for a Temporary Restraining Order and Hearing (Docket Entry No. 9) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to

appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Responses to any objections must be filed within fourteen (14) days of service of the objections.

                                          Respectfully submitted,

                                          BARBARA D. HOLMES
                                          United States Magistrate Judge