IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RONALD PAUL KNOWLES )
)
v. ) NO. 1:19-0069
)
ROBYN DELL FINLEY and )
MICHAEL D. COX )

**TO: Honorable William L, Campbell, Jr., District Judge**

# REPORT AND RECOMMENDATION

By Order entered August 26, 2019 (Docket Entry No. 12), the Court referred this *pro se* civil action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is a show cause order (Docket Entry No. 14), to which Plaintiff has not responded, and a motion to dismiss (Docket Entry No. 20), to which Plaintiff has also not responded. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that this action be dismissed.

## I. BACKGROUND

Ronald Paul Knowles ("Plaintiff") is a resident of Waynesboro, Tennessee. On August 23, 2019, he filed this *pro se* lawsuit. *See* Complaint (Docket Entry No. 1). Since sometime in 2018, Plaintiff has been involved in a divorce proceeding with Robyn Dell (Finley) Knowles ("Finley") in the Chancery Court for Maury County, Tennessee ("Chancery Court"), and this lawsuit arises out of his displeasure with the outcome of the divorce proceeding. Plaintiff alleges that he was not married to Finley and that he testified as such in the Chancery Court but that Finley, in conjunction with her divorce attorney, Michael D. Cox ("Cox"), presented the state judge with a forged or

fraudulent marriage certificate.[1] Plaintiff's theory of not being married to Finley was apparently rejected by the Chancery Court because a Final Decree of Divorce, which is not a part of the record, was entered at some point by Judge Stella L. Hargrove ("Judge Hargrove"), and on August 16, 2019, Judge Hargrove issued an order ("the August 16, 2019 Order") that amended the divorce decree by: (1) finding that Plaintiff and Finley owned real property located at 665 Deer Ridge Road, Waynesboro, Tennessee ("the Property"); (2) appointing a special master to conduct a sale of the Property within thirty days of entry of the order; and, (3) directing that proceeds of the sale should be split equally between Plaintiff and Finley.[2]

It is unclear from the record whether Plaintiff sought an appeal or other remedy in the state courts from either the final divorce decree or the August 16, 2019 Order. However, Plaintiff initiated the instant federal lawsuit in an effort to reverse the course of the divorce proceeding and the implementation of the August 16, 2019 Order. His original, handwritten complaint names Finley, Cox, and Judge Hargrove as defendants. *See* Complaint at 2-3. The entirety of the factual allegations set out in the original complaint is minimal and states:

> I Ronald P Knowles made statement on August 16, 2019, on who owns real property at 665 Deer Ridge Road, Waynesboro, TN in Maury Co Court. Judge denied my case. House up for sale that day in Wayne Co. Clerk's Office. There not giving me 30 days the real property is to be sold Saturday 24 of Aug. 2019.

*Id*. at 4. Accompanying the original complaint was an emergency motion for a temporary restraining order and preliminary injunction, in which Plaintiff sought to enjoin Defendants from "engaging in, and or, perpetuating further 'Corrupt Racketeering Activities.'" *See* Docket Entry No. 2 at 1.[3] The Court denied this motion, finding that "Plaintiff has not demonstrated a strong or substantial

---

[1] *See* Amended Verified Complaint (Docket Entry No. 8) at 2-4.

[2] *See* August 16, 2019 Order (Docket Entry No. 8-2).

[3] Plaintiff's motion and supporting memorandum refer to two individuals who are not named as defendants and to filings and exhibits that are not a part of this case. Clearly, Plaintiff copied, with some changes, filings that were made in another case. *See John Anthony Gentry v. The Tennessee Board of Judicial Conduct, et al.*, 3:17-00020 at Docket Entry Nos. 86 and 87.

likelihood of success at this stage of the proceedings because the material facts relating to Plaintiff's claims have not been established." *See* Order entered August 23, 2019 (Docket Entry No. 7) at 2.

Plaintiff subsequently filed an Amended Verified Complaint, removing Judge Hargrove as a defendant but reiterating his allegations that (1) he was never married to Finley and that she and Cox falsified a marriage certificate and (2) he has been wrongfully deprived of his property by virtue of the August 16, 2019 Order. Plaintiff sets forth claims against Finley and Cox (referred to hereinafter as "Defendants") under 42 U.S.C. §§ 1983 and 1985(3), alleging that "through fraud upon the court of falsified evidence, [Defendants] have deprived Plaintiff of his right to due process and equal protection of the laws. Through fraud upon the court,[ Defendants] are in de facto conspiracy with the court and are acting as "state actors." *See* Amended Verified Complaint at 5.[4] He seeks unspecific equitable relief, as well as "his costs of relocating and or replacing his property." *Id*. at 5-6. In conjunction with his amended complaint, Plaintiff filed a second motion for a temporary restraining order, seeking to prohibit Finley, Cox, and the appointed special master from "the continued auction and sale of his home and property." By Order entered September 17, 2019 (Docket Entry No. 17), the Court denied this motion.

## II. SHOW CAUSE ORDER AND MOTION TO DISMISS

Because the Court's initial review of Plaintiff's filings revealed substantial questions about whether subject matter jurisdiction over the lawsuit exists, the Court issued an order on August 29, 2019 (Docket Entry No. 14) ("Show Cause Order"), directing Plaintiff to show cause why his lawsuit should not be dismissed for lack of subject matter jurisdiction. Plaintiff was specifically alerted in the Show Cause Order that: (1) the *Rooker/Feldman* abstention doctrine set out in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), appears to apply to this case and would preclude the Court from hearing Plaintiff's

---

[4] Plaintiff's amended complaint supplants the prior complaint in all respects and is the operative pleading. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

claims; (2) the "domestic relations exception" appears to preclude this Court from becoming involved in what is essentially a state law divorce matter; and, (3) this Court appears to have no subject matter jurisdiction to hear what is essentially a challenge that seeks to reverse the Chancery Court decisions. Although Plaintiff was given a deadline of September 13, 2019, to respond to the Show Cause Order, he has not responded in any manner.

Defendants then filed the pending motion to dismiss (Docket Entry No. 20) in lieu of an answer. Defendants argue that both the *Rooker/Feldman* abstention doctrine and the domestic relations exception apply and preclude the Court from adjudicating the case. They further argue that they are not state actors for the purposes of Plaintiff's 42 U.S.C. § 1983 claim and that Plaintiff is not a member of a discrete and insular minority for the purposes of his 42 U.S.C. § 1985(3) claim, two shortcomings which they assert require dismissal of the claims. Although Plaintiff was notified of the motion and given a deadline of October 9, 2019, to file a response, *see* Order entered September 24, 2019 (Docket Entry No. 22), he has not responded in any manner to the motion.

Although Defendants do not bring their motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure, they seek dismissal, in part, for lack of subject-matter jurisdiction based on the allegations set out in Plaintiff's pleadings. Such a facial attack "questions merely the sufficiency of the pleadings." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). In reviewing such a challenge, the Court will accept the factual allegations in the complaint as true. *Id*. With respect to Defendants' request for dismissal under Rule 12(b)(6), the Court likewise accepts as true all of the well-pleaded allegations in the complaint, resolves all doubts in Plaintiff's favor, and construes the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). To survive the motion to dismiss, Plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. ANALYSIS

Dismissal of this lawsuit is warranted for two reasons. First, Plaintiff's failure to file a response to the Show Cause Order is sanctionable. Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. Additionally, Plaintiff's failure to respond to both the Show Cause Order and the motion to dismiss indicates that he has either lost interest in this lawsuit and/or has decided to pursue his objections to the divorce proceedings in the state courts. Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Given that both the Show Cause Order and the motion to dismiss brought to Plaintiff's attention the need for him to address the issue of the Court's subject matter jurisdiction over the lawsuit, Plaintiff's failure to respond cannot be overlooked.

Second, substantial jurisdictional bars exist that prevent the Court from adjudicating Plaintiff's claims. Federal courts are courts of limited jurisdiction, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), and there is an ongoing obligation on this Court to ensure that it has subject matter jurisdiction over a case. *See New Hampshire Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009). As the party asserting federal jurisdiction, Plaintiff bears the burden of establishing subject matter jurisdiction. *Ammons v. Ally Fin., Inc.*, 305 F.Supp.3d 818, 820 (M.D.Tenn. 2018). Plaintiff has not satisfied this burden, and his attempt to use this federal lawsuit as a means to circumvent the August 16, 2019 Order and the state court divorce proceedings is unfounded and not well taken.

Federal district courts do not have the authority to engage in appellate review of state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). To that end, the *Rooker–Feldman* doctrine bars federal district courts from hearing "cases brought by

state-court losers complaining of injuries by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Fieger v. Ferry*, 471 F.3d 637, 642 (6th Cir.2006) (citing *Exxon Mobile Corp.*, 544 U.S. at 284).

Plaintiff's lawsuit falls squarely within the scope of *Rooker-Feldman*. Plaintiff litigated his arguments before the Chancery Court and was unsuccessful in convincing the state court judge that his position was correct. As a result, the Final Divorce Decree and the August 16, 2019, Order were entered. After unsuccessfully arguing his position in the state courts, Plaintiff has now come to this Court seeking to reverse the outcome of the divorce proceedings and to negate the implementation of the August 16, 2019 Order. Plaintiff's lawsuit is exactly the type of lawsuit intended by the *Rooker-Feldman* doctrine to be foreclosed from federal district court review. *See Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC*, 731 Fed.App'x 431, 436 (6th Cir. 2018) (plaintiffs' claims that effectively sought to appeal a state court order were barred by *Rooker-Feldman* even though they were asserted as independent claims against third parties); *Givens v. Homecomings Fin.*, 278 Fed.App'x 607, 609 (6th Cir. 2008) ("Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker-Feldman* was appropriate."); *Bowman v. Cortellessa*, 2012 WL 676406 (E.D. Ky. Feb. 29, 2012) (plaintiff was barred by *Rooker-Feldman* doctrine from bringing claims against former spouse based on allegations that benefits had not been appropriately awarded in state divorce proceeding and that the former spouse provided the state court with false and/or perjured information).

An additional basis precludes the Court from hearing Plaintiff's lawsuit. The "domestic relations exception" precludes federal courts from hearing cases that "involv[e] the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *Alexander v. Rosen*, 804 F.3d 1203 (6th Cir. 2015). Although the domestic relations exception "applies only to a 'narrow range' of cases," *Alexander*, 804 F.3d 1205 (quoting *Ankenbrandt*, 504 U.S. at 701), it precludes a federal court from adjudicating a claim when a plaintiff "positively sues in federal court for divorce, alimony, or child custody or seeks to modify or interpret an existing

6

divorce, alimony, or child custody decree." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 797 (6th Cir. Oct. 1, 2015) (internal citation omitted). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981); *Chambers v. Michigan*, 473 Fed.App'x 477, 479 (6th Cir. April 5, 2012) (domestic relation exception precluded the federal court from hearing claims related to state alimony order even though plaintiff's claims were couched as claims for an unconstitutional deprivation of property); *Partridge v. State of Ohio*, 79 Fed.App'x 844, 845 (6th Cir. 2003) (although the plaintiff raised civil rights claims, including a claim against his ex-wife for perjury in divorce proceedings, the domestic relations exception precluded federal court from hearing the case because the case was essentially a challenge to the state court's child custody and divorce decisions).

The instant lawsuit is not simply a lawsuit involving claims that happen to be between two people who were formerly married. By any reading, Plaintiff's lawsuit is an attempt by him to modify the existing Final Divorce Decree and the August 16, 2019 Order. The domestic relations exception precludes the Court from entertaining such a lawsuit. *Chambers*, *supra*; *Partridge*, *supra*; *Danforth v. Celebrezze*, 76 Fed.App'x 615, 617 (6th Cir. Sept. 4, 2003) ("a fair reading of the plaintiff's complaint and his brief on appeal reveals that the instant case essentially is a pretense to obtain federal review of domestic relations matters. As such, plaintiff's complaint constitutes an impermissible attack on state court proceedings. Under these circumstances, the district court correctly concluded that it lacked jurisdiction to review plaintiff's [42 U.S.C. § 1983] claims.).

**RECOMMENDATION**

Based on the foregoing reasons, the it is respectfully RECOMMENDED that this action be DISMISSED for lack of subject matter jurisdiction and because of the domestic relations exception

to jurisdiction. The motion to dismiss (Docket Entry No. 20) of Defendants Robyn Dell Finley and Michael Cox should be GRANTED to the extent that it raises these jurisdictional defenses.[5]

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                      Respectfully submitted,

                                      BARBARA D. HOLMES
                                      United States Magistrate Judge

---

[5] Given the clear jurisdictional bars to adjudicating Plaintiff's claims, it is not necessary to address Defendants' arguments for dismissal of Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985(3).